# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HECTOR OLIVO,

      Petitioner,                Civil No. 05-73628-DT
                              HONORABLE MARIANNE O. BATTANI
v.                          UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE MOTION TO HOLD THE HABEAS PETITION IN ABEYANCE AND SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Hector Olivo, ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of first-degree home invasion, M.C.L.A. 750.110a(2); and one count of possession of a loaded firearm in a motor vehicle, M.C.L.A. 750.227c. Petitioner has also filed a motion to hold the petition in abeyance while one of his claims remains pending in the Michigan Supreme Court. For the reasons stated below, the motion to hold the petition in abeyance is denied and the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the

1

Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal, but the case was remanded to the trial court for an evidentiary hearing to determine whether petitioner had made a voluntary statement to the police. *People v. Olivo,* 240362, 243621 (Mich.Ct.App. December 11, 2003); *lv. den.* 470 Mich. 886; 682 N.W. 2d 93 (2004).

The Wayne County Circuit Court denied petitioner's motion to suppress his statement following remand from the Michigan Court of Appeals.  The Michigan Court of Appeals again affirmed the conviction after remand. *People v. Olivo,* 260994 (Mich.Ct.App. August 17, 2005).  Petitioner's application for leave to appeal is currently pending in the Michigan Supreme Court.

Petitioner now seeks habeas relief on nine separate grounds.  Petitioner's ninth claim, involving the trial court's failure to suppress his statement, is currently pending before the Michigan Supreme Court.

## II. Discussion

The instant petition is subject to dismissal because it contains a claim that has not been exhausted with the state courts.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise

in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner's ninth claim remains pending in the Michigan Supreme Court. A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Furthermore, a habeas petitioner must present his claim to the state's highest court in order to exhaust his state court remedies. *Hafley v. Sowders,* 902 F. 2de 480, 483 (6th Cir. 1990). Because petitioner's appeal is still pending before the Michigan Supreme Court, petitioner must await the outcome of this appeal before his state court remedies are exhausted. *Sherwood v. Tomkins*, 716 F. 2d 632, 634 (9th Cir. 1983). Because petitioner's appeal remains pending before the Michigan Supreme Court, he has failed to exhaust his ninth claim. *See Woods v. Gilmore*, 26 F.Supp.2d 1093, 1095 (C.D.Ill. 1998).

The question before this Court is whether to dismiss the petition without prejudice or hold the petition in abeyance, as petitioner has requested. A federal

district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A common circumstance calling for abating an unexhausted habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

In the present case, there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance while petitioner's application for leave to appeal remains pending in the Michigan Supreme Court, because the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts for purposes of commencing the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1).

For purposes of commencing the one year limitations period pursuant to § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter,* 35 Fed. Appx. 111, 114 (6th Cir. 2002). A criminal

4

defendant in Michigan may be entitled to more than one appeal of right. *See People v. Martinez,* 193 Mich. App. 377, 380; 485 N.W. 2d 124 (1992).   In this case, although petitioner had already filed an appeal of right from his conviction, the Michigan Court of Appeals remanded his case for a hearing to determine whether petitioner's statement to the police was voluntary.   Where an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade,* 206 Mich. App. 477, 481; 522 N.W. 2d 880 (1994); *See also People v. Jones,* 394 Mich. 434, 435-436; 231 N.W. 2d 649 (1975).   In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of commencing the AEDPA's one year limitations period, a federal habeas court must defer to the underlying state court characterization of the procedure. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003).  Petitioner's current appeal is part of the direct review process in Michigan.

Because petitioner's second appeal is part of the direct review process under Michigan law, the one year statute of limitations has not yet commenced to run. Petitioner's conviction, in fact, would not become final, for purposes of § 2244(d)(1), until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court following the affirmance of his appeal by the Michigan Supreme Court expired. *See Bronaugh v. Ohio,* 235 F. 3d 280, 283 (6th Cir. 2000).

Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his application for leave to appeal in the Michigan Supreme Court.  Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d at 845-46. [1]

## III. ORDER

Accordingly, the Court **DENIES** the motion to hold the petition in abeyance and **SUMMARILY DISMISSES THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE.**

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT COURT**

DATED: September 30, 2005

---

[1] This Court will also dismiss the petition because it is quite possible that the Michigan Supreme Court may grant petitioner the relief that he is seeking, thus rendering the federal question presented in his petition moot. *Sherwood v. Tomkins*, 716 F. 2d at 634; *Szymanski v. Martin*, 2000 WL 654916, * 2 (E.D. Mich. April 13, 2000).

6